IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05-CR-315-1 |
| ) | |
| ) | |
| WILLIAM ROY DAVIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Relief pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 254). The Government responded and does not oppose Defendant's motion. (ECF No. 267 at 2.) Defendant filed a reply and factual supplement. (ECF Nos. 269, 270.) For the reasons discussed below, Defendant's Motion for Compassionate Relief will be granted.

I. BACKGROUND

On March 1, 2006, Defendant pleaded guilty to one count of carry and use, by brandishing, a firearm during a drug trafficking crime and one count of possessed, by brandishing, a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 924(c)(1)(C)(i) & 2. (ECF Nos 61, 98.) On June 26, 2006, he was sentenced to a mandatory sentence of 32 years of imprisonment. (ECF No. 98 at 2–3.) He received a mandatory sentence of 7 years' imprisonment on his first 924(c) conviction and a

mandatory sentence of 25 years' imprisonment on his second 924(c) conviction. (*Id.*) Defendant is 40 years old and has a current projected release date of December 4, 2032.[1]

Defendant argues he should be granted compassionate release relying on several circumstances. He argues that he received "stacked sentences" under 18 U.S.C. § 924(c) and if he were sentenced for the same crimes today his mandatory minimum sentence would be 18 years shorter. (ECF No. 254 at 6-7.) He also contends that a consideration of his age at the time of his offense, his need to help care for his mother, and his thorough post-release plan support granting a reduction in sentence. (*Id.* at 7-11.)

The Government does not oppose Defendant's motion but "leaves the question of whether [Defendant's] sentence should be reduced to the Court's sound discretion." (ECF No. 267 at 2.) The Government concedes Defendant received a lengthy sentence from a process that is no longer permissible and recognizes evidence of his substantial rehabilitation while incarcerated. (*Id.* at 17-19.) The Government states that, under the circumstances, the Court might find that the § 3553(a) factors support granting Defendant relief. (*Id.* at 19.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ last visited on Apr. 29, 2025).

relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied the exhaustion requirement by filing a request for compassionate release with the warden of his prison facility on or before May 21, 2023, more than thirty days before he filed the instant motion. (ECF No. 254 at 18.) The Government also indicates Defendant requested compassionate release in 2021 and concedes he has complied with the exhaustion requirement. (ECF No. 267 at 7.) The Court will, therefore, proceed to the merits of Defendant's request.

### A. Extraordinary and Compelling Reasons

Defendant argues his case presents extraordinary and compelling reasons warranting a sentence reduction because of the combined circumstances that he was sentenced relying on "stacked sentences" for his § 924(c) convictions, because of his young age at the time he was sentenced, because of his family circumstances, because of his lack of criminal history, and his strong release plan. With respect to his sentence, he contends there is a gross disparity between the sentence he received and how he would be sentenced today for the same offenses.

Under the law at the time Defendant was sentenced, his second 924(c) count was treated as a "second or subsequent" conviction under 18 U.S.C. § 924(c), thereby triggering a mandatory minimum sentence of 25 years. The First Step Act, enacted after Defendant's sentencing, requires that a "second or subsequent" conviction must "arise from a separate

case" that is final. *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020). Although these changes were not made retroactive, *id.* at 174, the Fourth Circuit has recognized non-retroactive changes may be an extraordinary and compelling reason to support a modification of sentence. *See Davis*, 99 F.4th at 657-58; *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020). The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant correctly argues that as the sentencing law now exists, his second 924(c) conviction could not be treated as a "second or subsequent" offense under 924(c). Without the stacked sentences, Defendant's minimum sentencing exposure on the second 924(c) conviction would be reduced from 25 years' imprisonment to 7 years' imprisonment resulting in a sentence 18 years shorter. This is a substantial difference and demonstrates a gross disparity. *See, e,g., United States v. Clayton*, Case No. 3:13cr189-2, 2024 WL 761858, at *7 (E.D. Va. Feb. 23, 2024) (finding a "gross disparity" from an 11-year differential.) Therefore, Defendant has shown both an unusually long sentence and a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law. Moreover, Defendant has served almost 20 years of his sentence. (ECF No. 267 at 2.) Consequently, the Court finds Defendant has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

As noted above, Defendant also relies on the combined circumstances of his family circumstances, his young age at the time of the offense, his lack of criminal history, and his strong release plan to support a finding of extraordinary and compelling circumstances. With respect to family circumstances, Defendant presents evidence that his mother has dementia and requires significant care at home. (ECF No. 254 at 21-22; ECF No. 255 at 1.) The Sentencing Commission guidelines recognize an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(C); *see also United States v. Conley*, No. 24-6174, 2024 WL 3666171, at * 1 (4th Cir. Aug. 6, 2024) (recognizing defendant failed to establish he was "only available caretaker" for his wife); *United States v. Hodges*, No. 5:22CR33-1, 2024 WL 5250528, at * (S.D. W.Va. Dec. 30. 2024) (collecting cases applying "only available caregiver" standard).

In his original filing, Defendant acknowledges that his sister and father are both caring for his mother, but indicates they needed help with her care. More recently, Defendant supplemented his motion to show that his father has been diagnosed with prostate cancer, which will impact his ability to care for his wife and may also impact his ability to care for himself. (ECF No. 270 at 1-2.) However, the information before the Court does not suggest Defendant's sister, who has been providing assistance, is no longer available to do so. Therefore, Defendant has failed to show he is the only available caregiver, and his family circumstances, by themselves, are not an extraordinary and compelling reason. However, the Court finds that when taken together with the changes in sentencing law, his family circumstances bolster the Court's determination that Defendant has established an

5

extraordinary compelling reason to consider a reduction in sentence. *See, e.g., United States v. Henriquez*, No. 1:15CR225-1, 2021 WL 5771543, at *3-5 (M.D.N.C. Dec. 6, 2021) (finding family circumstances alone not extraordinary when there was an alternative caregiver but helped establish extraordinary circumstance when considered in conjunction with additional factors.)

The Court also considers Defendant's arguments with respect to his youth at the time of the offense, lack of criminal history, and strong release plan. The sentencing policy guidelines do not specifically address these factors, but include a catchall provision that an extraordinary and compelling reason may exist when a defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) thought (4)." U.S.S.G. § 1B1.13(b)(5). Defendant was 20 years old at the time of the offenses. Prior to these crimes Defendant did not have any criminal convictions, but he did have numerous arrests.[2] (ECF No. 272, ¶¶ 26-27.) Upon release, he plans to live with his parents, help care for his mother, and work as an electrician in family businesses. While the Court is not persuaded these factors are extraordinary, having found that an extraordinary and compelling reason exists, the Court will consider this information in making the individualized determination as to whether Defendant's case warrants a reduction. *See, e.g., McKoy*, 981 F. 3d at 286 (recognizing factors

---

[2] The more serious offenses are primarily related to the conduct charged in the indictment underlying the instant offenses. (ECF No. 272, ¶¶ 28-46.)

including youth at time of offense and a substantial sentence are relevant in weighing a request for compassionate release.)

B.     3553(a) Factors

Having found an extraordinary and compelling reason, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making this analysis, the Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). Relative youth together with a substantial sentence is also a relevant consideration in weighing a request for a reduction of sentence. *See McCoy*, 981 F. 3d at 286.

Defendant's offense conduct was undeniably serious. He used the knowledge gained while installing alarm systems to burglarize several pharmacies and steal drugs, including oxycodone. (ECF No. 272, ¶¶ 7-13.) He began stealing to feed his opioid addiction but soon started selling the excess pills. (ECF No. 254 at 15.) He and his co-defendants stole firearms from a gun store and used the weapons to threaten customers. (ECF No. 272, ¶¶ 6, 9, 12-13, 18-21.)

7

However, the Court finds that a consideration of the § 3553(a) factors overall weighs in favor of a reduction in sentence. While Defendant's crimes were significant, he did not physically harm anyone, and prior to the instant offenses did not have any criminal convictions. (*Id.*, ¶¶ 26-27.) Defendant was 20 years old at the time he committed the crimes, and his actions appear to be driven largely by his addiction to oxycodone and other pharmaceuticals. Defendant was only 21 years old when he received a 32-year sentence of imprisonment, and he has spent essentially half his life in prison.

Post-conviction evidence also weighs decisively in Defendant's favor. Defendant has had seven disciplinary infractions during his time in prison, but they all occurred in 2010. Defendant has not had any infractions in more than 14 years. This change in behavior demonstrates a new maturity and reflects his intention to be a positive and productive member of society. Defendant acknowledges the seriousness of his offenses and has accepted responsibility for his behavior and the punishment he received. (ECF No. 254 at 15-17.) Defendant persuasively writes in support of his request for a reduction in sentence:

> And I'm not saying that I didn't deserve to come to prison, because if anyone deserved it, I did. What I'm saying is that I've learned from my mistakes. I'm a changed man now. . . . I've been incarcerated for over 17 years and in my heart of hearts I know that I've learned my lesson. There is nothing left for prison to teach me. I know that I'll never revert back to a life of crime. . . . Over the years I've seen people leave prison and come right back. And I can't but help wonder why, why would anyone want to sacrifice freedom to come right back to a place like this.

(*Id.* at 16.)

The years he has spent in prison have provided ample opportunity to address the goal of rehabilitation. Since 2010, Defendant has been a model inmate, dedicating himself to his trade of electrical work. Defendant has completed over 2000 hours of work as part of an

8

Case 1:05-cr-00315-LCB    Document 273    Filed 05/09/25    Page 8 of 11

electrical apprenticeship and is assigned to the BOP HVAC group. (ECF No. 267-2 at 1-2, 267-3.) Defendant has also completed 50 hours of BOP courses that focus on positive personal development such as anger management and nutrition. (ECF No. 267-3.) Defendant's crimes appear to have been motivated significantly by his drug addiction, and he has completed a drug treatment program while in custody. (ECF No. 267-4 at 1.) The BOP classifies him as a "low recidivism risk level." (*Id.* at 2.) Moreover, Defendant is now 40 years old, and the likelihood of recidivism declines with age. *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) ("risk of recidivism is inversely related to an inmate's age.")

Defendant has presented a release plan that should help him successfully transition to life outside of incarceration. He plans to live with his parents and help care for his mother who is suffering from dementia and help his father who has been diagnosed with cancer. As noted above, Defendant has done significant electrical work while in prison and plans to use those skills for employment when released. (ECF No. 254 at 10.) His father indicates they are ready to welcome Defendant home, and he will be an asset to his electrical business. (*Id.* at 22.) Defendant's sister indicates Defendant will have "strong support backing him. We understand the transition will be a process, and we are willing to make it through that process together." (*Id.* at 24.) Defendant's brother-in-law says that he is "willing to supply [Defendant] with any means necessary to help him succeed and to live a productive life if the motion for his release is granted" and Defendant "would have job security though my company." (*Id.* at 25.)

The Court also considers "the need to avoid unwarranted sentence disparities." *See* U.S.C. § 3553(a)(6). The Court recognizes Defendant's lead role in the offenses and that his

9

Case 1:05-cr-00315-LCB    Document 273    Filed 05/09/25    Page 9 of 11

co-defendants entered plea into agreements with the Government that impacted their sentences. However, the Court notes that all three of the co-defendants have been released from BOP custody, while Defendant still faces more than seven years of incarceration.[3]

Finally, the Court considers the extreme disparity between Defendant's sentence and the sentence a similarly situated defendant would receive today. If sentenced now for the same offenses, Defendant's mandatory minimum sentence of imprisonment would be 14 years, 18 years shorter than the mandatory minimum used to calculate his sentence. With a 14-year sentence Defendant would have been released from prison years ago. Well over half of his sentence of imprisonment was mandated based on a sentencing protocol that is no longer allowed. As the current sentencing scheme for 924(c) offenses indicates, the need for just punishment, to protect the public, and to deter crime can be satisfied with a reduced sentence.

Accordingly, after individualized consideration of the § 3553(a) factors, the Court concludes a reduction in sentence is warranted. With the goal of a sentence "sufficient, but not greater than necessary" the Court will reduce the Defendant's sentence to time served.

For the reasons stated above, the Court enters the following:

## ORDER

---

[3] *See* Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited on Apr. 30, 2025). Defendant Beeson pleaded guilty to one 924(c) count and two drug counts and was sentenced to 235 months imprisonment, later reduced to 204 months. (Case No. 1:05CR315-2, ECF No. 233.) Defendant Hill pleaded guilty to one 924(c) count and two drug counts and was sentenced to 172 months imprisonment, later reduced to 150 months. (Case No. 1:05CR315-3, ECF No. 225.) Defendant Cruz pleaded guilty to two drug counts and was sentenced to 15 months imprisonment. (Case No. 1:05CR315-4, ECF. No. 99.) With respect to Defendant Beeson, he has been released from BOP custody even after serving additional time in prison after a revocation of supervised release. (Case No. 1:05CR315-2, ECF. No. 253.)

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Relief, (ECF No. 254), is **GRANTED** and Defendant's sentence will be **REDUCED TO TIME SERVED**. Defendant's supervised release and any conditions of his sentence beyond the length of his imprisonment remain as previously ordered. Execution of this Order is **STAYED** for 14 days from the date of the Order to allow the Bureau of Prisons and Probation Office time to make appropriate arrangements for Defendant's release.

This, the 9th day of May 2025.

/s/ Loretta C. Biggs
Senior United States District Judge